## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARLENE MOSES-FARRARE | : | CIVIL ACTION |
| 4098 OLIVE STREET | : | |
| PHILADELPHIA, PA 19104 | : | |
| | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | NO. |
| PHILADELPHIA, PA 19102 | : | |
| and | : | |
| POLICE OFFICER GEOBLY | : | |
| BADGE 1926 | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| and | : | |
| POLICE OFFICER BERTHESI | : | |
| BADGE 2090 | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| and | : | |
| POLICE OFFICER MARY F. KUCHINSKY | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| and | : | |
| POLICE OFFICER JOHN/JANE DOE #1-10 | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| and | : | |
| PAROLE OFFICER TIMOTHY MILLER | : | |
| 714 MARKET STREET | : | |
| PHILADELPHIA, PA 19106 | : | |
| and | : | |
| PAROLE OFFICER KAREEM TOOKES | : | |
| 714 MARKET STREET | : | |
| PHILADELPHIA, PA 19106 | : | |
| and | : | |
| PAROLE OFFICER JOHN/JANE DOE #1-10 | : | |
| 714 MARKET STREET | : | |
| PHILADELPHIA, PA 19106 | : | |

## COMPLAINT - CIVIL ACTION

1

I.    INTRODUCTION

1.    Plaintiff brings this action for damages brought pursuant to 42 U.S.C. §§ 1983
      and 1988 and Pennsylvania common law against Defendants as a result of the
      individual defendants forcibly entering Plaintiff's home to arrest an individual
      who was never there, holding her at gunpoint, and damaging her property, as
      well as the City's failure to enforce a policy or training that would have
      prevented these violations of Plaintiff's rights.

II.   JURISDICTION AND VENUE

2.    This Court has jurisdiction over the claims brought under § 1983 under 28
      U.S.C. §§1331 and 1343.

3.    This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 and
      the principles of pendant and ancillary jurisdiction.

4.    Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon
      which the complaint is based arose in the City of Philadelphia, Pennsylvania,
      which is in the Eastern District of Pennsylvania.

III.  PARTIES

5.    Plaintiff, Earlene Moses-Farrare, is an adult citizen and resident of the
      Commonwealth of Pennsylvania residing as captioned.

6.    Defendant, City of Philadelphia, is a municipal corporation organized and existing
      under the laws of the Commonwealth of Pennsylvania, which maintains its
      principal offices as captioned.

7.    At all relevant times, Defendant City of Philadelphia acted or failed to act through

their employees, agents, officers, workmen, servants, and/or contractors, then and there acting within the course and scope of their employment, agency, office, work order, servanthood, and/or contract, and under color of state law, including the individually named defendants.

8.    Defendant, Police Officer Geobly, was at all material times an officer with the City of Philadelphia Police Department. Police Officer Geobly is being sued both individually and in their official capacity.

9.    Defendant, Police Officer Berthesi, was at all material times an officer with the City of Philadelphia Police Department. Police Officer Berthesi is being sued both individually and in their official capacity.

10.   Defendant, Police Officer Mary F. Kuchinsky, was at all material times an officer with the City of Philadelphia Police Department. Police Officer Mary F. Kuchinsky is being sued both individually and in her official capacity.

11.   Defendants, Police Officers John Doe #1-10, were at all material times officers with the City of Philadelphia Police Department, so designated by fictitious name because their identities remain unknown to Plaintiff despite the exercise of reasonable diligence. Police Officers John Doe #1-10 are being sued both individually and in their official capacity.

12.   Defendant, Parole Officer Kareem Tookes, was at all material times an officer with the Philadelphia Adult Probation and Parole Department. Parole Officer Kareem Tookes is being sued individually and in his official capacity.

13.   Defendant, Parole Officer Timothy Miller, was at all material times an officer with the Philadelphia Adult Probation and Parole Department. Parole Officer Timothy

Miller is being sued both individually and in his official capacity.

14. Defendants, Parole Officers John Doe #1-10, were at all material time parole officers with the Philadelphia Adult Probation and Parole Department so designated by fictitious name because their identities remain unknown to Plaintiff despite the exercise of reasonable diligence. They are being sued both individually and in their official capacity.

15. At all material times, Defendants Geobly, Berthesi, Kuchinsky, and Police Officer Doe #1-10 acted within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendant City of Philadelphia.

16. At all material times, Defendants Miller, Tookes, and Parole Officer Doe #1-10 acted within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Philadelphia Adult Probation and Parole Department.

17. At all material times, Defendants, City of Philadelphia, was charged with the responsibility of testing, hiring, training, and supervising members of the Philadelphia Police Department, including Defendants Geobly, Berthesi, Kuchinsky, and Police Officer Doe #1-10, and was the final policymaker for the City of Philadelphia Police Department.

## IV.   OPERATIVE FACTS

18. On or about Wednesday, February 17, 2022, at approximately 6:00 a.m., Plaintiff, Earlene Moses-Farrare, was asleep in her bedroom at 4098 Olive Street Philadelphia, PA 19104, when she was awakened by banging on her front door.

19.  Plaintiff went to the bedroom window and saw a large number of law enforcement officers, including the individual defendants, outside of her home.

20.  Plaintiff alerted the police outside of her house that someone was breaking into her home, and the police responded to the Plaintiff that they were not breaking in her house—rather, they were already inside.

21.  The police demanded Plaintiff come down the stairs.

22.  As Plaintiff got to the top of the stairs, an African American female police officer, Defendant Kuchinsky, Police Officer Jane Doe 1, or Parole Officer Jane Doe 1, held her at gunpoint and demanded that she come downstairs and sit down.

23.  Once Plaintiff was seated, Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 cleared the downstairs and then the upstairs.

24.  Defendant Miller along with Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, and/or Parole Officer Doe #1-10 told Plaintiff they were looking for John Crumbs, who happens to be Plaintiff's nephew.

25.  Despite Plaintiff telling Defendant Miller and the other defendants within earshot that her nephew never lived with her, Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 proceeded to search her home.

26.  In the process of searching her home, Defendants broke three (3) doors (the front screen door, the main door, and the vestibule door), as well as the banister going up her stairs, obliging Plaintiff to pay $4,735.00 in reasonable and necessary repairs.

27.  Neither John Crumbs nor incriminating evidence was found during the search.

5

28. Prior to the above incident, Plaintiff had spoken with John Crumb's Parole Officer, Defendant Kareem Tookes, and told him several times that John Crumbs did not live with her.

29. As a direct and proximate result of the above, Plaintiff has sustained severe emotional distress, which the Plaintiff is advised may be permanent in nature.

30. As a further direct and proximate result of the above, Plaintiff has suffered disability, mental anguish, humiliation, and emotional distress and will continue to suffer same for an indefinite time in the future to her great detriment and loss.

31. As a further direct and proximate result of the above, Plaintiff has been obliged to and may continue to be obliged to expend various sums of money and to incur various expenditures for medical treatment and repairs to her home and may be obliged to do so for an indefinite period of time in the future, to her great detriment and loss.

32. As a further direct and proximate result of the above, Plaintiff has and may hereinafter incur other financial expenses and losses.

## COUNT I – 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENTS—EXCESSIVE FORCE
### EARLENE MOSES-FARRARE v. ALL INDIVIDUAL DEFENDANTS

33. All preceding paragraphs are fully incorporated herein by reference.

34. Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 uses of force against Plaintiff, including but not limited to pointing firearms at her, were unreasonable given the circumstances.

35. Plaintiff was behaving cooperatively and peaceably, reasonably under the circumstances, and not in any way that would have given Defendants reasonable suspicion to believe that she was armed and dangerous.

36.     Defendants lacked legal authority to be in Plaintiff's home at all, let alone to use force against her while inside.

37.     Regardless, Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 pointed firearms at Plaintiff.

38.     The above-described acts and failures to act of Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. §1983.

39.     The above-described actions of Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Geobly, Berthesi, Kuchinsky, Police Officer John/Jane Doe #1-10, Miller, Tookes, and Parole Officer Doe #1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT II – 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENTS—ILLEGAL ENTRY
### EARLENE MOSES-FARRARE V. ALL INDIVIDUAL DEFENDANTS

40.     All preceding paragraphs are fully incorporated herein by reference.

41.     Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller,

and/or Parole Officer Doe #1-10 entered Plaintiff's home in the course and scope of their employment as law enforcement officers.

42.   At that time, Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 lacked a warrant, entered without knocking and announcing, and/or lacked a warrant exception.

43.   At that time, Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 also lacked reason to believe John Crumbs would be at Plaintiff's residence.

44.   The above-described acts and failures to act of Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. §1983.

45.   The above-described actions of Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Geobly, Berthesi, Kuchinsky, Police Officer John/Jane Doe #1-10, Miller, Tookes, and Parole Officer Doe #1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

## COUNT III – 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENTS—ILLEGAL SEARCH

8

EARLENE MOSES-FARRARE V. ALL INDIVIDUAL DEFENDANTS

46. All preceding paragraphs are fully incorporated herein by reference.

47. Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 entered Plaintiff's home in the course and scope of their employment as law enforcement officers.

48. While in Plaintiff's home, Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 searched the home and Plaintiff's belongings for John Crumbs, whom they had been previously informed was not there.

49. At that time, Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 lacked a warrant, exigency, reason to believe John Crumbs was at Plaintiff's home, and/or failed to knock and announce.

50. The above-described acts and failures to act of Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

51. The acts and failures to act of Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Geobly, Berthesi, Kuchinsky, Police Officer

John/Jane Doe #1-10, Miller, Tookes, and Parole Officer Doe #1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief

### COUNT IV – 42 U.S.C. § 1983
### CONSPIRACY
### EARLENE MOSES-FARRARE V. ALL INDIVIDUAL DEFENDANTS

52.    All preceding paragraphs are fully incorporated herein by reference.

53.    As evidenced by their concerted conduct, Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 entered into an agreement and/or reached a meeting of their minds to violate Plaintiff's constitutional rights to be free from illegal entry into her home and free from the use of excessive force against her person.

54.    Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 performed overt acts in furtherance of the conspiracy, including but not limited to forcing their way into her home and holding her at gunpoint.

55.    As detailed above, the conspiracy directly and proximately resulted in harm to the plaintiff, including the deprivation of her rights and privileges under the Constitution of the United States, and the Laws of the United States and of the Commonwealth of Pennsylvania, and was in violation of 42 U.S.C. § 1983.

56.    The above-described actions of Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and

punitive damages against Defendants Geobly, Berthesi, Kuchinsky, Police Officer John/Jane Doe #1-10, Miller, Tookes, and Parole Officer Doe #1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT V – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**EARLENE MOSES-FARRARE V. ALL INDIVIDUAL DEFENDANTS**

57.  All preceding paragraphs are fully incorporated herein by reference.

58.  Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 had a constitutional and/or statutory duty to intervene when Plaintiff's home was illegally entered and searched and when excessive force was used against her.

59.  Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 were present while Plaintiff's rights were being violated, knew that her rights were being violated, and had a reasonable opportunity to intervene in the aforementioned violations of her constitutional rights.

60.  Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10, despite their knowledge and opportunity to intervene, failed to do so, resulting in Plaintiff sustaining injury and harm.

61.  The acts and failures to act of Defendants Geobly, Berthesi, Kuchinsky, Police Officer Doe #1-10, Tookes, Miller, and/or Parole Officer Doe #1-10 were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights

and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Geobly, Berthesi, Kuchinsky, Police Officer John/Jane Doe #1-10, Miller, Tookes, and Parole Officer Doe #1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT VI – 42 U.S.C. § 1983
### *MONELL* CLAIM
### EARLENE MOSES-FARRARE V. CITY OF PHILADELPHIA

62. All preceding paragraphs are fully incorporated herein by reference.

63. Defendant City of Philadelphia is the final policymaker for the City of Philadelphia Police Department.

64. Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained inadequate training and policies, practices, and customs for law enforcement officers, including the individually named Police Officer Defendants, on how to investigate and obtain reasonably trustworthy information and facts about a person's whereabouts before applying for and executing an arrest warrant, including, but not limited to, checking that the person to be seized is actually at the residence to be searched.

65. The failure of Defendant City of Philadelphia to adopt adequate policies, practices, and customs and provide adequate training to their law enforcement officers regarding the requirements for the execution of arrest warrants, including the need to conduct a custody check before executing an arrest warrant

and/or apply for a search warrant, was deliberately indifferent to the constitutional rights of its citizens, and was the proximate cause of the illegal entry into the Plaintiff's home.

66. The need for Defendant City of Philadelphia to train, supervise, discipline its law enforcement officers and/or to adopt or enforce a policy, practice, or custom of reasonable investigation of the whereabouts of an individual to be arrested and/or obtaining a search warrant before executing an arrest warrant is obvious.

67. Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, failing to investigate and obtain reasonably trustworthy information and facts about a person's whereabouts before executing an arrest warrant, including, but not limited to, checking that the person to be seized was not already in custody and/or obtaining a search warrant before or at the time of the execution of the arrest warrant.

68. Plaintiff believes and therefore avers that Defendant City of Philadelphia has systematically failed to discipline law enforcement officers, including the individually named Defendants, for failing to reasonably investigate to obtain adequate facts and reasonably trustworthy information regarding the whereabouts of a person to be arrested before executing an arrest warrant.

69. Plaintiff believes and therefore avers that Defendant City of has adopted and maintained inadequate training for law enforcement officers, including the

13

individually named Defendants, on how to execute an arrest warrant without violating the constitutional rights of individuals, such as the Plaintiff.

70. Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, use of unconstitutional force on the liberty of individuals not described/named in the arrest warrant, like Plaintiff, during the execution of an arrest warrant or arrest of parolee. Said policy, custom, and/or practice violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

71. Plaintiff believes that Defendant City of Philadelphia has failed to adequately train their law enforcement officer in the constitutional limits on the use of force on innocent bystanders during the execution of an arrest warrant or arrest of a parolee and that this failure constituted deliberate indifference to the constitutional rights of its citizens and was the proximate cause of the injuries to the Plaintiff.

72. Plaintiff believes and therefore avers that Defendant City of Philadelphia has systematically failed to discipline law enforcement officers, including the individually named Police Officer Defendants, for unconstitutionally using excessive force on and restraining the liberty of bystanders, including individuals not described/named in the arrest warrant, like Plaintiff, during the execution of an arrest warrant. This failure violates the Fourth Amendment as applied to the

States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

73. Plaintiff believes and therefore avers that Defendant City of Philadelphia has been deliberately indifferent to the rights of citizens of the City of Philadelphia, Pennsylvania, to be free from police officers using excessive force and unlawful detention, and said indifference violates Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

74. Plaintiff believes and therefore avers that Defendant City of Philadelphia was aware of the aforementioned policies, practices, and customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendants, failed to effectively train law enforcement officers with regard to the legal limits on their authority, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiff.

75. Plaintiff believes and therefore avers that Defendant City of Philadelphia knew or should have known of the aforementioned policies, practices, and customs, as well as the inadequate training, and discipline of law enforcement officials of the Philadelphia Sheriff's Office and/or City of Philadelphia Police Department, including the individually named Defendants, and deliberately, intentionally, and knowingly failed to take steps to terminate or limit said policies, practices, and customs, including but not limited to:

   a. Failure to provide adequate training, supervision, and discipline to officers regarding the length of time law enforcement officers must wait after

announcing their presence before entering a premises to execute an arrest warrant;

b.  Failure to provide adequate training, supervision, and discipline to officers regarding properly identifying the other residents of the premises besides the person to be arrested before and during the execution of the arrest warrant;

c.  Failure to provide adequate training, supervision, and discipline to officers regarding obtaining facts and inferring from the circumstances whether the person described in the warrant is on the premises during the execution of the arrest warrant;

d.  Failure to provide adequate training, and discipline to officers regarding how to properly restrain persons other than the individual named and described in the arrest warrant while searching for the person to be arrested;

e.  Failure to provide adequate training, supervision, and discipline to officers regarding the proper limit on the use of force on persons other than the individual named and described in the arrest warrant;

f.  Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations of law enforcement officers;

g.  Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Philadelphia Police Department and Philadelphia Sheriff's Office;

h.  Failure to prevent Plaintiff from being injured and violating Plaintiff's constitutional rights by members of the Philadelphia Police Department and Philadelphia Sheriff's Office where Defendants knew or should have known of the dangerous propensities of said members and the systemic problem of police abuses in the departments;

i.  Failure to restrain the use of excessive force by members of law enforcement agencies;

j.  Failure to properly test, train, and/or select its officers with regards to proper use of force; and

k.  Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with his constitutional rights.

76.  The aforementioned policies, practices, customs, and/or deliberate indifference of

Defendant City of Philadelphia were the proximate cause of the Plaintiff's injuries and losses and the violation of his constitutional rights.

77. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy Defendant City of Philadelphia condoned, acquiesced in, participated in, and perpetrated the policy in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania, and was in violation of 42 U.S.C. §1983.

78. The plaintiff believes and therefore avers, that the Defendant, City of Philadelphia has adopted and maintained for many years a recognized and accepted policy consisting of an inadequate system of review of claims of obtaining invalid body warrants, excessive force, and/or illegal entry and searches, which system has failed to identify instances of the use of said behavior to discipline, more closely supervise or retrain officers who, in fact, improperly used force.

79. Upon information and belief, the systematic deficiencies include, but are not limited to:

   a. The preparation of investigative reports assigned to vindicate obtaining invalid body warrants, and the use of force and illegal entries and searches, regardless of whether such actions were justified;

   b. The preparation of investigative reports which rely solely on the word of Philadelphia Police Officers and Probation and Parole Officers involved in the incidents in which systematically failed to credit the testimony and statement of non-officer witnesses;

   c. The preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved; and

   d. Failing to review investigative reports by responsible superior officers for accuracy or completeness and accepting the conclusions which were unwarranted by the

17

evidence or contradicted by such evidence.

80. The foregoing acts, omissions, and systematic deficiencies are policies, practices and customs of Defendant, City of Philadelphia and as such caused the individual defendants to be unaware of the rules and laws governing the permissible obtaining of body warrants, use of force and that the use of excessive force and illegal entries and searches would not be honestly and properly investigated, all with the procedural result that officers are more likely to obtain invalid body warrants, use excessive force, and conduct illegal searches and seizures in situations where such conduct is neither necessary, reasonable, nor legal.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory damages against Defendant City of Philadelphia in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.


/s/ *Renae B. Axelrod*

Renae Axelrod, Esq.
PA ID No. 64676
raxelrod@adlawfirm.com

Abramson & Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
(215) 546-1345
*Counsel for Plaintiff*


/s/ *Jason E. Parris*

Jason E. Parris, Esq.
PA ID No. 312363
jparris@adlawfirm.com

Abramson & Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
(215) 546-1345
*Counsel for Plaintiff*